**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| SCOTT W. SCHIFF <br> c/o Schiff & Associates Co., LPA <br> 115 W. Main Street, Suite 100 <br> Columbus, Ohio 43215 <br><br> and <br><br> SCHIFF & ASSOCIATES CO., LPA <br> 115 W. Main Street, Suite 100 <br> Columbus, Ohio 43215 <br><br> and <br><br> KEVIN F. KURGIS <br> c/o Kevin F. Kurgis Co., LPA <br> 100 South Fourth Street, Suite 300 <br> Columbus, Ohio 43215 <br><br> and <br><br> KEVIN F. KURGIS CO., LPA <br> 100 South Fourth Street, Suite 300 <br> Columbus, Ohio 43215 <br><br> Plaintiffs, <br><br> v. <br><br> EXCLUSIVE LEGAL MARKETING, INC. <br> 5601 Granite Parkway, Suite 890 <br> Plano, Texas 75024 <br><br> and <br><br> COETY BRYANT <br> 5601 Granite Parkway, Suite 890 <br> Plano, Texas 75024 <br><br> Defendants. | Case No: <br><br> Judge: |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND PASSING OFF, VIOLATION OF RIGHT OF PUBLICITY AND DECEPTIVE SALES PRACTICES UNDER OHIO LAW**

Plaintiffs Scott W. Schiff, Schiff & Associates Co., LPA, Kevin F. Kurgis and Kevin F. Kurgis Co., LPA, (collectively, "Plaintiffs"), by and through undersigned counsel, for their Complaint against Defendants Exclusive Legal Marketing, Inc., ("ELM") and Coety Bryant ("Bryant"), (collectively, "Defendants"), state as follows:

1. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. §1114 and Ohio common law, unfair competition, passing off, and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a) and Ohio common law, violation of Plaintiffs' rights of publicity under O.R.C. § 2741, *et seq.,* and deceptive trade practices under O.R.C. § 4165.02 and Ohio common law, arising from Defendants' unauthorized use of Plaintiffs' names as key words to direct potential personal injury clients to the ELM website, where they are then referred to competitors of Plaintiffs who have paid ELM for such referrals.

**Parties**

2. Plaintiff Scott W. Schiff ("Schiff") is a well-known Ohio attorney practicing in the Central Ohio area, and throughout the State of Ohio, who represents individuals in personal injury cases. Mr. Schiff is a 1979 graduate of The Ohio State University, and a 1982 graduate of Capital University Law School. He founded the law firm of Plaintiff Schiff & Associates Co. LPA ("Schiff & Assoc.") in 1985, specializing in civil litigation with an emphasis on catastrophic injury and wrongful death. Plaintiffs Schiff and Schiff & Associates will be referred to collectively herein as the "Schiff Plaintiffs".

3. In addition to common law rights in the name "Scott Schiff and "Schiff & Associates", Schiff & Assoc. is the owner of U.S. Trademark Reg. No. 4,873,857 – SCHIFF &

2

ASSOCIATES – registered December 22, 2015 for "legal services" (the "Schiff Registration") (collectively, the "Schiff Trademarks").  A copy of the above identified registration is attached hereto as Exhibit A.  As an Ohio resident, Mr. Schiff also has exclusive rights to the commercial use of his name, voice, signature, photograph, image, likeness, or distinctive appearance  pursuant to O. R. C. §2741, *et seq.* (the "Schiff Persona").

4. Plaintiff Kevin F. Kurgis ("Kurgis") is a well-known Ohio attorney practicing in the Central Ohio area, and throughout the State of Ohio, who represents individuals in personal injury cases.  Mr. Kurgis is a 1977 graduate of Denison University, and a 1980 graduate of the Thomas M. Cooley Law School in Lansing, Michigan.  Mr. Kurgis founded Plaintiff Kevin F. Kurgis Co., L.P.A., d/b/a the Law Office of Kevin Kurgis ("Kurgis Law Offices") over twenty years ago, and has represented thousands of automobile accident and personal injury victims.  Plaintiffs Kurgis and Kurgis Law Offices will be referred to collectively herein as the "Kurgis Plaintiffs".

5. In addition to its common law rights in the names "Kevin Kurgis" and "The Law Office of Kevin Kurgis", Kurgis Law Offices is the owner of U.S. Trademark Reg. No. 3,448,853 – KEVIN KURGIS --- registered June 17, 2008 for "legal services" (the "Kurgis Registration") (collectively, the "Kurgis Trademarks").  A copy of the above identified registration is attached hereto as Exhibit B.  As an Ohio resident, Mr. Kurgis also has exclusive rights to the commercial use of his name, voice, signature, photograph, image, likeness, or distinctive appearance  pursuant to O. R. C. §2741, *et seq.* (the "Kurgis Persona").

3

6. Upon information and belief, Defendant ELM is a Texas Corporation, with its principal place of business at 5601 Granite Parkway, Suite 890, Plano Texas 75024. ELM is a marketing agency for attorneys, which specializes in search engine optimization (SEO). According to its website, "Exclusive Legal Marketing builds comprehensive law firm SEO plans that cover all of the areas to produce #1 rankings!" ELM also uses pay-per-click advertising to promote its client law firms, and operates a website at www.personalinjurycare.net that directs consumers seeking a personal injury lawyer to one of their client firms.

7. Upon information and belief, Defendant Coety Bryant is the sole incorporator and registered agent of Defendant ELM. Defendant Bryant, as the owner of Defendant ELM, has the right and ability to supervise the infringing activity alleged herein, and has a direct financial interest in Defendant ELM, and as such is jointly and severally liable with Defendant ELM.

## Jurisdiction and Venue

8. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b). Personal jurisdiction in this District is proper inasmuch as Defendants' infringing activities take place in the State of Ohio, and are directed to Ohio residents, and Defendants have solicited and conduct business within the State of Ohio. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2).

## Facts

### The Fame and Reputation of Plaintiffs as Personal Injury Lawyers in the State of Ohio

9. Scott Schiff and Schiff & Associates are well-known and respected personal injury lawyers in Columbus, Ohio. In over thirty (30) years of practice, the Schiff Plaintiffs have obtained substantial compensation for their injured clients, and have engaged in extensive

4

      advertising and marketing efforts to ensure that the public is aware of the legal services provided by Scott Schiff and Schiff & Associates. Examples of this advertising can be found at www.scottschiff.com/index.php/media-center.

10. Kevin Kurgis and the Law Offices of Kevin Kurgis are well-known and respected personal injury lawyers in Columbus, Ohio. In over twenty (20) years of practice, the Kurgis Plaintiffs have obtained substantial compensation for their injured clients, and have engaged in extensive advertising and marketing efforts to ensure that the public is aware of the legal services provided by Scott Schiff and Schiff & Associates. Examples of this advertising can be found at www.kevinkurgis.com.

11. The registrations identified in paragraphs 3 and 5, above, are valid and subsisting. Record title of the Schiff Registration is in Plaintiff Scott W. Schiff & Associates Co., L.P.A.; record title of the Kurgis Registration is in Plaintiff Kevin F. Kurgis Co., L.P.A.. The Certificates of Registration are *prima facie* evidence of the validity of the registrations, the Plaintiffs' ownership of the Schiff Registration and the Kurgis Registration, respectively, and of the Plaintiffs' exclusive right to use the Schiff Registration and the Kurgis Registration, respectively, in commerce in connection with the goods and services specified in the Certificates of Registration under the provisions of 15 U.S.C. § 1057(b) and constructive notice of the Plaintiffs' claims of ownership under 15 U.S.C. § 1072. The Kurgis Registration identified in paragraph 3 is incontestable, which provides conclusive evidence of the validity of the registration, Plaintiff Kevin F. Kurgis Co., L.P.A.' ownership of the Kurgis Registration, and of the Plaintiff Kevin F. Kurgis Co., L.P.A.'s exclusive right to use the Kurgis Registration in commerce in connection with legal services, as specified in the Certificates of Registration under the provisions of 15 U.S.C. § 1115(b).

12. The Schiff Trademarks and Persona, and the Kurgis Trademarks and Persona, have been extensively and continually used, promoted, and advertised by Plaintiffs within the United States and in the State of Ohio for more than twenty (20) years in connection with providing legal services and the representation of individuals in personal injury cases.

13. Substantial amounts of time, effort and money have been expended over those years in ensuring that the general public associates the Schiff Trademarks and Persona, and the Kurgis Trademarks and Persona, exclusively with Plaintiffs and their legal services.

14. The Schiff Trademarks and Persona, and the Kurgis Trademarks and Persona, when used in connection with the promotion of Plaintiffs' legal services and representation of injured persons in the State of Ohio have acquired substantial recognition by the public seeking legal services by virtue of Plaintiffs' providing legal services, their reputations in the community, their use and efforts to promote their respective trademarks and personae, and through Plaintiffs' vigilance in policing the use of the Schiff Trademarks and Persona and the Kurgis Trademarks and Persona.

15. The Schiff Trademarks and Persona and the Kurgis Trademarks and Persona have acquired an extraordinary degree of consumer recognition in the minds of the public seeking legal services, and serve uniquely to identify Plaintiffs' legal services.

**Defendants' Wrongful Acts**

16. ELM is a legal marketing firm founded by Defendant Bryant, and specializes in law firm SEO marketing and pay-per-click advertising. Upon information and belief, ELM has entered into contractual agreements with Ohio law firms for the purpose of marketing their client law firms' services through SEO marketing and pay-per-click advertising. According to its website, "SEO is an abbreviation for search engine optimization. Search engine optimization refers to digital marketing that is designed to get your law firm on the

6

top of a search engine's results page. For example, if someone searches for the term 'personal injury lawyer' in your city, you want to appear first on the results page. SEO is the way this is done." ELM's website goes on to explain the importance of prominent placement in search results: "Almost all potential customers now do digital research and less than 6% of them go to the second page of search results. For this reason, it's crucial to your law firm's success that you appear on the first page of search results." Thus, for a fee, ELM is supposed to engage in activities to have its client personal injury law firms' names appear near to the top of a Google search for "personal injury lawyer".

17. Upon information and belief, Defendant Bryant is also the beneficial owner and operator of the website www.personalinjurycare.net, which promotes its client law firms via pay-per-click advertising. In the usual pay-per-click model, an injured person seeking an attorney in, for example, Columbus, Ohio, can enter the search phrase "personal injury lawyer Columbus Ohio" into Google, and several sponsored advertisements appear above the non-sponsored "organic" search results:



The person conducting the search can then click on one of the sponsored ads, which will direct the person to the firm who has paid for the sponsored ad. The firm pays Google each time the sponsored ad is clicked on.

18. However, rather than insure that Defendants' clients achieve prominent search result placement based upon their own reputations or ELM's marketing expertise in getting its pay-per-click site to appear when a consumer types in a general search such as "personal injury lawyer Columbus Ohio", upon information and belief Defendants have purchased the trademarks "Kevin Kurgis" and "Scott Schiff" as key words so that a Google search on Plaintiffs' names brings up ELM's www.personalinjurycare.net website in the all-important top position:





Defendants has even used the Schiff & Associates trademark as part of the heading for its sponsored ads.



19. As a result, the person who is actually searching for Plaintiffs' services may then click on Defendants' sponsored ad and be directed to a website where they will be given a telephone number to call. The person answering the call will determine where the caller is from, and then refer the caller to one of ELM's personal injury law firm clients in the caller's area. For Ohio callers, these firms are direct competitors of Plaintiffs.

20. Neither Defendants nor their client law firms have been licensed or authorized by Plaintiffs to use their names for any commercial purpose, including as a keyword.

### First Cause of Action
### Federal Trademark Infringement of the KEVIN KURGIS and SCHIFF & ASSOCIATES Trademarks

21. Plaintiffs reallege and incorporate by reference herein the allegations contained in paragraphs 1 through 20 of the Complaint.

22. Defendants' aforementioned acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

23. The Kurgis Plaintiffs' federal registration on the Principal Register for KEVIN KURGIS, as identified in paragraph 5 is incontestable, which provides conclusive evidence of the validity of the registration, the Kurgis Plaintiffs' ownership of the KEVIN KURGIS Trademark, and of the Kurgis Plaintiffs' exclusive right to use the KEVIN KURGIS Trademark in commerce in connection with the goods and services specified in the Certificate of Registration under the provisions of 15 U.S.C. §1115(b)).

24. Defendants' knowing and willful commercial misuse of the KEVIN KURGIS and SCHIFF & ASSOCIATES Trademarks as keywords to enhance the search engine placement of its www.personalinjurycare.net website, and in the heading of its sponsored ads, is likely to cause confusion as to sponsorship or authorization by Plaintiffs. Defendants's actions constitute willful trademark infringement in violation of section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

25. As a proximate result of Defendants' actions, Plaintiffs have suffered and will continue to suffer great damage to their business, goodwill, reputation, profits and the strength of the KEVIN KURGIS and SCHIFF & ASSOCIATES Trademarks. The injury to Plaintiffs is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Plaintiffs for their injuries and Plaintiffs lack an adequate remedy at law.

26. Plaintiffs are entitled to a preliminary and permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorneys' fees.

## Second Cause of Action
### Federal Unfair Competition, False Designation of Origin, and Passing Off

27. Plaintiffs reallege and incorporate by reference herein the allegations contained in paragraphs 1 through 26 of the Complaint.

28. Because of Defendants' efforts to lure potential clients to the www.personalinjurycare.net website by using the Schiff Trademarks and Persona and the Kurgis Trademarks and Persona, consumers who would be interested in engaging the legal services of the Kurgis Plaintiffs or the Schiff Plaintiffs for representation in a personal injury matter are falsely led to believe that they can contact the Kurgis Plaintiffs or the Schiff Plaintiffs by going to Defendants's www.personalinjurycare.net website, and into believing that the www.personalinjurycare.net website and persons who they speak with when calling the telephone number on the website are associated with, endorsed by or are sponsored, or otherwise approved by Plaintiffs, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29. The foregoing acts and conduct by Defendants constitutes false designation of origin, infringement of Plaintiffs' common law trademarks, unfair competition and passing off in connection with services provided in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. Defendants' acts, as set forth above, have caused irreparable injury to Plaintiffs' goodwill and reputation. The injury to Plaintiffs is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Plaintiffs for their injuries and Plaintiffs lacks an adequate remedy at law.

31. Plaintiffs are entitled to a preliminary and permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorneys' fees.

### Third Cause of Action
### Violation of Right of Publicity Under O.R.C. Chapter 2741

32. Plaintiffs reallege and incorporate by reference herein the allegations contained in paragraphs 1 through 31 of the Complaint.

33. Scott Schiff and Kevin Kurgis are living individuals and residents of the State of Ohio.

34. The Schiff Persona and the Kurgis Persona have commercial value and Defendants are improperly using the Schiff Persona and the Kurgis Persona for a commercial purpose by using the names "Kevin Kurgis" and "Scott Schiff" as keywords to promote their www.personalinjury.net website without authorization or consent.

35. Mr. Kurgis and Mr. Schiff are being injured by Defendants' improper commercial use of the Kurgis Persona and the Schiff Persona.

12

36. Mr. Kurgis and Mr. Schiff are entitled to a permanent injunction against Defendants and all other remedies attributable to the unauthorized use of the Kurgis Persona and the Schiff Persona for commercial purposes, actual or statutory damages, costs and attorneys' fees.

### Fourth Cause of Action
### Deceptive Trade Practices under Ohio Statutory and Common Law

37. Plaintiffs reallege and incorporate by reference herein the allegations contained in paragraphs 1 through 36 of the Complaint.

38. Defendants' acts constitute deceptive trade practices by passing off and creating a likelihood of confusion, in violation of the Ohio Deceptive Trade Practices Act, O.R.C. § 4165.02 and Ohio common law. Plaintiffs are entitled to actual damages and attorneys' fees.

39. Defendants' acts greatly and irreparably damage Plaintiffs, and will continue to cause damage unless restrained by this Court. Plaintiffs are without an adequate remedy at law.

### Fifth Cause of Action
### Unfair Competition and Trademark Infringement under Ohio Common Law

40. Plaintiffs reallege and incorporate by reference herein the allegations contained in paragraphs 1 through 39 of the Complaint.

41. Defendants' acts constitute unfair competition and trademark infringement in violation of Ohio common law.

42. Defendants' acts greatly and irreparably damage Plaintiffs, and will continue to cause damage unless restrained by this Court. Plaintiffs are without and adequate remedy at law.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

(1) that Defendants, its officers, agents, servants, employees, shareholders and attorneys, its clients who have been benefitting from Defendants' infringing activities, and those persons in active concert or participation with Defendants, including those selling the Schiff Trademarks and/or the Kurgis Trademarks as ad words, who receive actual notice of the court's order by personal service or otherwise, be permanently enjoined from:

(a) doing any act or thing likely to induce the belief that Defendants' businesses, services or products are in any way connected with, sponsored, affiliated, licensed, or endorsed by Plaintiffs;

(b) selling or using the Schiff Trademarks and Persona and/or the Kurgis Trademarks and Persona as key words, or in any other way to promote its www.personalinjurycare.net website or to divert internet traffic to any of its law firm clients in any fashion on the internet;

(2) that Defendants, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Plaintiffs within thirty (30) days after service of the permanent injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendants has complied with the permanent injunction;

(3) that Defendants account to Plaintiffs for all pay-per-click revenue, and any other revenue paid to or generated by Defendants, derived from consumers clicking on the www.personalinjurycare.net website based on a search using the key words "Kevin Kurgis" or "Scott Schiff" and further account to Plaintiffs for all successful referrals made to Defendants' law firm clients as a result;

(4) that Plaintiffs recover their actual damages sustained as a result of Defendants' wrongful actions;

(5) that Plaintiffs recover Defendants' profits made as a result of Defendants' wrongful actions;

(6) that Plaintiffs recover three (3) times Defendants' profits made as a result of Defendants' wrongful actions or three (3) times Plaintiffs' damages, whichever is greater;

(7) that this case be deemed an exceptional case under 15 U.S.C. §§ 1117(a) and (b) and that Defendants be deemed liable for and ordered to reimburse Plaintiffs for their reasonable attorneys' fees;

(8) that Plaintiffs be awarded exemplary damages for Defendants' willful and intentional acts;

(9) that Plaintiffs recover their costs of court; and

(10) that Plaintiffs recover such further relief to which they may be entitled.

Dated:  March 22, 2017

Respectfully submitted,

/Joseph R. Dreitler/
Joseph R. Dreitler, Trial Attorney (0012441)
 Mary R. True (0046880)
DREITLER TRUE LLC
19 E. Kossuth Street
Columbus, OH 43206
Telephone: (614) 449-6640
jdreitler@ustrademarklawyer.com
mtrue@ustrademarklawyer.com

*Attorneys for Plaintiffs*