UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SCOTT W. SCHIFF, et al.,

      Plaintiffs,

v.

EXCLUSIVE LEGAL MARKETING,
INC., et. al.

      Defendants.

Case No. 2:17-CV-00237-MHW
JUDGE MICHAEL H. WATSON
Magistrate Judge Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Sanctions pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure. (Doc. 33). For the reasons that follow, Plaintiffs' Motion for Sanctions is **GRANTED**, but the Court refrains from awarding any costs and fees until Defendants have had the opportunity to file any documentation demonstrating an inability to pay. Thus, Defendant is **DIRECTED** to file any such documentation within seven (7) days from the date of this Order. In addition, the parties are **DIRECTED** to meet and confer in an effort to resolve this issue.

### I. BACKGROUND

On June 14, 2017, Judge Watson and Magistrate Judge Jolson jointly conducted the Preliminary Pretrial Conference in this matter. (*See* Doc. 13). In an Order memorializing the conference, Defendants were directed, *inter alia*, to "produce promptly any documents regarding the damages alleged by Plaintiffs in their Complaint." (Doc. 15). The next day, Plaintiffs' counsel sent an informal document request to defense counsel. (*See* Doc. 33 at 2). As of July 12, 2017, no documents had been produced. Consequently, the Undersigned held a status

conference. Defendants were once again ordered to produce these documents within the next fourteen days. (Doc. 16). At that time, Defendants were warned that if they failed to comply, they risked being held in contempt of Court. (*Id.*).

On August 2, 2017, Plaintiffs filed a Notice of Noncompliance, informing the Court that Defendants had still not produced any documents. (Doc. 17). Although Defendants had turned over some documents to Plaintiffs on August 8, 2017, the production was woefully deficient. (*See* Doc. 18). Indeed, the responses were neither complete nor responsive enough to Plaintiffs' requests to even begin to understand the potential damages in this case. (*See* Docs. 18, 19). On August 17, 2017, the Undersigned held another status conference. (Doc. 19). The message was the same. The Court made clear that Defendants were risking contempt of Court and consequently scheduled a Show Cause Hearing for September 25, 2017. (*Id.*). Defendants thus had an additional 39 days to produce the discovery prior to having to explain to this Court why discovery had not been produced.

On September 21, 2017 (four days before the Show Cause Hearing), Defendants filed a Notice of Compliance stating "that they [had] complied to the best of the ability to Plaintiffs' Informal Discovery Requests." (Doc. 22 at 1). In support, Defendants attached the sworn affidavit of Defendant Coety Bryant, in which he averred that the reason Defendant Exclusive Legal Marketing, Inc. ("ELM") did not have the requested documents was because "Exclusive's previous accountant, Stephanie Miller, improperly maintained records, and likely defrauded, or embezzled funds from Exclusive." (Doc. 22-1, PAGEID #: 76). Plaintiffs filed a Response to the "Notice of Compliance," once again highlighting the deficiencies of the limited documents Defendants had produced and casting doubt on the veracity of the embezzlement allegations. (Doc. 23).

On September 25, 2017, two hours prior to the scheduled Show Cause Hearing, Defendants filed a Motion to Continue the hearing, stating that Mr. Bryant was unable to attend due to a family emergency. (Doc. 25). The Motion was denied, and the Undersigned held the hearing with only counsel present. (Doc. 26). During the hearing, defense counsel made numerous representations, including that his client had "turned over everything they have" (Doc. 29 at 3); that "[a]s unbelievable as it is, that is what our clients tell us, that they did not have accounting records and they did not have agreements for anybody other than what has been provided" (*id.* at 4); and that Defendants' hard drive was "completely erased" and "they believe that it has to do with Ms. Miller" (*id.* at 12).

The Show Cause Hearing was subsequently continued until October 10, 2017. (Doc. 28). Plaintiffs' counsel, in the meantime,

> decided to conduct its own investigation, and obtained via subpoena the depositions transcripts of Mr. Bryant and his brother taken on August 17-18, 2017 in the lawsuit *Morgan & Morgan, Fort Myers, PLLC v. Farah & Fara, P.S. and Exclusive Legal Marketing, Inc.*, Case No 2017-CA-001782, currently pending in Florida state court. Counsel for Plaintiffs reviewed the transcripts, which totaled nearly five hundred pages, and determined that the representations regarding Stephanie Miller made by Defendants' Counsel at the Show Cause hearing were not supported by Mr. Bryant and his brother's prior testimony. [*See* Declaration of Mary R. True, Doc. # 30] Counsel for Plaintiffs also retained a private investigator to locate Stephanie Miller, and spoke with her at length on October 6, 2010. Ms. Miller agreed to provide a sworn declaration, which was filed with the Court prior to the Show Cause Hearing on October 10, 2017 [Doc. #30-5].

(Doc. 33 at 3).

Following the continued Show Cause Hearing, the Court again ordered Defendants to produce the remaining discovery. (Doc. 31). The documents at issue were produced to Plaintiffs on October 18, 2017, four months after the Court first ordered the production.

On November 2, 2017, Plaintiffs filed the instant Motion for Sanctions, explaining that they had spent significant time and expenses litigating Defendants' discovery deficiencies. (Doc.

33 at 3). In total, Plaintiffs' counsel spent over 43 hours litigating discovery issues, and thus request $13,897.75 in attorney's fees. (Doc. 33-1). Specifically, they request fees for their time beginning on August 2, 2017, through the drafting of the instant motion.

Attorney Roger Soroka and Joshua Bedtelyon subsequently withdrew as counsel for Defendants and filed a Response in opposition to sanctions on their behalf. (Doc. 40 at 2 ("This Memorandum addresses only the allegation that sanctions should be imposed upon Defendants' prior Counsel, and makes no statement as to whether sanctions may be appropriate as to Defendants.")). Defendants Bryant and ELM failed to file a timely Response. However, on February 16, 2018, Defendant Bryant filed a Response, purportedly on behalf of himself and ELM. In addition to being untimely, Defendant Bryant may not represent ELM, as was previously explained by the Undersigned. (*See* Doc. 39). However, in the interests of justice, the Court considers the response. Plaintiffs' counsel has represented to the Court that they do not intend to file a reply. Consequently, the matter is ripe for consideration.

## II. DISCUSSION

"The Federal Rules of Civil Procedure set forth the discovery obligations of parties and their attorneys, and authorize federal courts to impose sanctions on those participants who fail to meet these obligations." *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 500 (N.D. Ohio 2013). In particular, Rule 37(b)(2)(A) authorizes sanctions when a party "fails to obey an order to provide or permit discovery[.]" "By this authority, a court may issue such orders as are just." *Little Hocking Water Assn., Inc. v. E.I. du Pont de Nemours & Co.*, 94 F. Supp. 3d 893, 902 (S.D. Ohio 2015) (citing Fed. R. Civ. P. Rule 37(b)(2)(A)(i)-(vii)). Further, under Rule 37(b)(2)(C), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with an order],

4

unless the failure was substantially justified or other circumstances make an award of expenses unjust." Moreover, "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 618, 643 (1976)). Here, Plaintiffs argue that Defendants' repeated misrepresentations and delays in producing the documents ordered by this Court warrant monetary sanctions. (Doc. 33).

As an initial matter, the Court finds that Defendants failed to obey this Court's discovery orders for many months. In his response, Defendant Bryant avers that Defendants "fully intended to cooperate in this matter." (Doc. 42, ¶ 19). However, the record shows the opposite. Most telling, Defendants' counsel represented at the show cause hearing that Defendants had "turned over everything they have" (Doc. 29 at 3); that "[a]s unbelievable as it is, that is what our clients tell us, that they did not have accounting records and they did not have agreements for anybody other than what has been provided" (*id.* at 4); and that Defendants' hard drive was "completely erased" (*id.* at 12). None of that was true. Indeed, after this Court's continued Show Cause Hearing on October 10, 2017, Defendants produced the discovery related to damages that this Court had ordered be produced because it had been in Defendants' control all along. Based on all of this, the Court finds that Defendants failed to comply with this Court's discovery orders.

Additionally, the prejudice Plaintiffs suffered based on Defendants' disobedience is clear. Plaintiffs seek the costs, including attorney's fees, associated with the efforts they undertook to unearth the truth in this matter and to force Defendants to disclose information this Court ordered them to produce. (Doc. 33). "Simply showing that a party 'waste[d] time, money, and effort in

5

pursuit of cooperation which [the opponent] was legally obligated to provide' can suffice to establish prejudice." *See State Farm Mut. Auto. Ins. Co. v. Edward L. Johnson, P.C.*, No. 11-13819, 2013 WL 2456006, at *5 (E.D. Mich. June 6, 2013) (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)). Consequently, the Court finds that Plaintiffs were prejudiced here.

However, even where a party disobeys a discovery order and prejudice results, the Court may still decline to sanction the offending party if a sanction award would be unjust. (Doc. 42). The thrust of Defendant Bryant's Response is that it would be unfair to require Defendants to pay the requested attorney fees for two reasons. (Doc. 42). First, he argues that the requested fees are disproportionate to the value of this case. (*Id.* at ¶ 21). In support, he avers that the total value of this case is $3,791.03 because that is all the advertising dollars spent by ELM on Plaintiffs' names. (*Id.* at ¶ 21, 27). Even assuming that is true, Defendant Bryant's valuation of this case is incorrect. As pled, Plaintiffs brought this lawsuit not only to recover lost revenue but also to prevent future harm from, *inter alia*, Defendants' alleged trademark infringement and deceptive trade practices. Viewing the case in that way, the Court finds that the attorney's fees sought, which total $13,897.75, are not disproportionate to the value of this case.

Second, Defendant Bryant argues that Defendants are without resources to pay. (*See generally* Doc. 42). While in a slightly different procedural context, the Sixth Circuit has made clear that an assertion of an inability to pay must be shown "categorically and in detail." *Elec. Workers Pension Tr. Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 384 (6th Cir. 2003). Applying that standard here, Defendant Bryant's representations related to his inability to pay are insufficient to support the conclusion that a sanction award of $13,897.75

would be unjust. However, the Court will allow Defendant Bryant to provide additional documentation related to ELM's and his financial status by February 27, 2018.

Turning to Attorneys Soroko and Bedtelyon's potential liability, to hold Defendants' former counsel jointly and severally liable for monetary sanctions would require a determination that their actions were willful or in bad faith. *See Jackson by Jackson v. Nissan Motor Corp. in USA*, No. 88-6132, 1989 WL 128639, at *6 (6th Cir. Oct. 30, 1989) (noting that "plaintiff's attorneys' conduct did not reflect the bad faith and willfulness that typically triggers such sanctions"). While the Court recognizes that Attorneys Soroko and Bedtelyon were not fully prepared to answer the Court's questions during the initial Show Cause Hearing (*see* Doc. 29 at 10), they produced documents that they received from their clients in a timely manner and attempted to cooperate with both Plaintiffs and the Court.

Attorneys Soroko and Bedtelyon explain in their Response that they were in constant communication with Defendants and "had countless conversations with Defendants about the need and requirement that Defendants produce all requested discovery information and documents." (Doc. 40 at 3). The Response explains that Attorneys Soroko and Bedtelyon "always stressed the importance of timely disclosures, and made sure that any responsive documents received were immediately forwarded to Counsel for Plaintiffs." (*Id.*). Further, counsel attempts to explain any misrepresentations at the initial show cause hearing by explaining that they were "not personally familiar with the business practices of Defendants, nor with how Defendants maintained business records." (*Id.* at 4). Consequently, their testimony at the hearing was likely the result of inattentiveness to necessary facts, rather than willful misrepresentations.

In sum, the Court is satisfied with Attorneys Soroko and Bedtelyon's explanation and declines to hold them liable for what appears to be their clients' recalcitrance.

**III. CONCLUSION**

For those reasons, Plaintiffs' Motion for Sanctions (Doc 33) is **GRANTED**, but the Court refrains from awarding any fees and costs until Defendants have had the opportunity to file any documentation demonstrating an inability to pay. Defendant is **DIRECTED** to file any such documentation within seven (7) days from the date of this Order. Finally, the Court notes that it previously urged the parties to resolve this Motion extra-judicially. In light of the current posture—and in particular, Defendant Bryant's assertion of an inability to pay—the parties are **DIRECTED** to attempt to engage in those discussions again. The parties shall submit a status report regarding those discussions to the Undersigned via email by February 27, 2018.

IT IS SO ORDERED.

Date: February 20, 2018
/s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE